UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELISSA WILLIAMS,

        Plaintiff,

v.	Case No:   6:20-cv-1148-ACC-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Melissa Williams ("Claimant") appeals the final decision denying her claim for Social Security disability benefits. Doc. No. 1. Claimant applied for benefits in June 2016, and she amended her disability onset date to November 17, 2017. R. 56, 113, 302-308. Claimant argues that the decision should be reversed because the administrative law judge ("ALJ") failed to apply the correct legal standards to her treating physicians' opinions and to the medical expert's opinion. Doc. No. 29 at 17-19, 24-25, 26-29. Because the ALJ failed to apply the correct legal standards to Claimant's treating physicians' opinions, it is recommended that the final decision be **REVERSED** and **REMANDED** for further proceedings.

I.    <u>**STANDARD OF REVIEW.**</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a

scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II. <u>ANALYSIS</u>.

    Claimant argues that the decision should be reversed because the ALJ failed

to apply the correct legal standards to her treating physicians' opinions and to the medical expert's opinion. Doc. No. 29 at 17-19, 24-25, 26-29. The ALJ determined that Claimant suffers from severe impairments of "degenerative disc disease of the cervical spine status post fusion surgery; mild osteoarthritis of the bilateral knees; and status post carpal tunnel release and trigger finger release surgeries . . . ." R. 18. He assigned Claimant the following residual functional capacity ("RFC"):

> [L]ight work as defined in 20 CFR 404.1567(b) except the claimant can lift and/or carry up to 10 pounds frequently and 20 pounds occasionally; can sit up to 6 hours in an 8-hour workday and can stand and/or walk up to 4 hours in an 8-hour workday. She can frequently finger and feel with the right hand. She can occasionally climb ramps and stairs, stoop, and kneel, can frequently balance, and can never crouch or crawl. She cannot have exposure to high, unprotected heig[ht]s. She can never work in proximity to heavy or moving machinery.

R. 20. The ALJ determined that Claimant is not disabled because she can perform her past work of an administrative assistant for an insurance company as it is generally performed. R. 27.

### A. Dr. Moyles' Opinions

Claimant argues that the ALJ did not apply the correct legal standards to the opinion of her treating physician, Dr. Kyle Moyles, which contradicts the RFC that the ALJ assigned Claimant. Doc. No. 29 at 17-19. On August 13, 2019, Dr. Moyles checked the spaces on a Medical Questionnaire for Hand Pain (the "Hand Pain Questionnaire"). R. 2463-64. Dr. Moyles stated that Claimant's "working

diagnosis" is "right hand pain." R. 2463. He indicated that Claimant has hand weakness, hand pain, and finger pain. R. 2463. Claimant has diminished grip strength and difficulty grasping objects, handling objects, moving fingers, and with manual dexterity. R. 2463. She can occasionally move her fingers and perform activities with manual dexterity and bilateral manual dexterity. R. 2463. Dr. Moyles indicated that Claimant has no difficulty with bilateral manual dexterity but can only occasionally perform activities that require this. R. 2463. She can frequently carry five pounds and occasionally carry ten pounds. R. 2464. Finally, Claimant can occasionally push or pull, but can never grip, grasp, or handle objects. R. 2463, 2464.

> The ALJ stated the following regarding the Hand Pain Questionnaire:
>
>> Dr. Moyles noted the sole diagnosis of "right hand pain," a symptom rather than a diagnosis. While he checked "Yes" or "No" to questions, the questions were not specific to the right hand. Dr. Moyles did check "No" to the question regarding having "difficulty with bilateral manual dexterity["] (Ex. 70F/l). The form does not provide a maximum residual functional capacity with regard to the function of the rest of the claimant's body. Accordingly, the undersigned gives this form little weight.

R. 26. Thus, the ALJ gave Dr. Moyles's opinions in the Hand Pain Questionnaire little weight because Dr. Moyles listed a symptom instead of a diagnosis, the questions were not specific to the right hand, he checked "No" to the question regarding having difficulty with bilateral manual dexterity, and the form did not

provide a maximum RFC regarding anything other than Claimant's hands. R. 26.

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The opinions of examining physicians are generally given more weight than non-examining physicians, treating more than non-treating, and specialists more than non-specialists.[1] 20 C.F.R. § 404.1527(c).

Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[2]  A failure to specifically articulate evidence contrary

---

[1] The rules were amended in 2017 to remove the "more weight" requirement. *See* 20 C.F.R. § 404.1520c. The amended rules apply to claims filed on or after March 27, 2017. *Id.* Claimant filed her claim in June 2016. R. 113, 302-308.
[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

to a treating doctor's opinion requires remand. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). However, it is axiomatic that the ALJ need not discuss every piece of medical evidence contained within a particular treatment note. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered her medical condition as a whole." (internal quotation marks omitted)).

The ALJ afforded Dr. Moyles's opinions little weight, but did not state that the reasons why he afforded the opinions little weight is because they were not bolstered by the evidence, the evidence supports a contrary finding, or that the opinions were conclusory or inconsistent with Dr. Moyles's medical records. The ALJ noted that "right hand pain" is not a diagnosis, R. 26, but physician's opinions include judgments about their patients' symptoms. *Winschel*, 631 F.3d at 1178-79. The ALJ also stated that "the questions were not specific to the right hand." R. 26. But Dr. Moyles specifically stated Claimant suffers from "right hand pain," and

even if the questions were not specific as to which hand was being referred to, the answers indicated Claimant's inability to or difficulty with performing activities with her hand. R. 2463-64. The ALJ notes that Dr. Moyles checked "No" to the question regarding having difficulty with bilateral dexterity, but the ALJ does not indicate why this would warrant giving Dr. Moyles's opinions little weight. R. 26. The ALJ's final reason for affording Dr. Moyles's opinions little weight is that the Hand Pain Questionnaire did not provide a maximum RFC regarding the rest of Claimant's body. R. 26. But this does not explain why the opinions should be discounted regarding Claimant's hand. The ALJ's reasons for discounting Dr. Moyles's opinions are not supported by substantial evidence.

The Commissioner argues that the Hand Pain Questionnaire was imprecise and had limited probative value and that there is substantial evidence supporting the ALJ's decision. Doc. No. 29 at 20-21. The Commissioner also argues that Dr. Moyles checking "No" to the question regarding having difficulty with bilateral dexterity is inconsistent with Dr. Moyles checking "Yes" to the question regarding having difficulty with manual dexterity and that Claimant could only occasionally perform manual dexterity and bilateral manual dexterity. *Id.* at 21. But the ALJ did not give those reasons for why he discounted the opinions, R. 26, and thus the Court will not consider this post hoc reasoning. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's

*post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974)). The Commissioner also argues that Dr. Moyles could have provided an opinion about Claimant's maximum RFC because he performed a full physical examination at her visits and Dr. Moyles had a longitudinal relationship with Claimant. Doc. No. 29 at 22. Once again, whether Dr. Moyles could have offered a maximum RFC for Claimant's entire body does not negate the opinions he offered regarding her hand.

The ALJ's decision does not indicate that the ALJ discounted Dr. Moyles's opinions because they were not bolstered by the evidence, the evidence supported contrary findings, or the opinions were conclusory or inconsistent with Dr. Moyles's medical records. The ALJ's determination affording Dr. Moyles's opinions little weight was not supported by substantial evidence and did not conform to the correct legal standards.

  **B. Dr. Vlasii's Opinions**

Claimant also argues that the ALJ applied incorrect legal standards in giving little weight to her treating physician Dr. Olena Vlasii's opinions in the Medical Questionnaire completed on August 9, 2019. Doc. No. 29 at 24-25. Dr. Vlasii opined that Claimant can frequently lift or carry five to ten pounds and can never climb, kneel, or crawl. R. 2459, 2460. Claimant can stand and sit for thirty minutes without

interruption, and in an eight-hour workday, can sit, stand, and walk less than one hour at a time for a total of up to six hours on "'a good day.'" R. 2459-60. The medical findings supporting the sit, stand, and walk assessments are listed as physical examination, MRI, back pain, dizziness, and left leg pain. R. 2459-60. Dr. Vlasii also wrote on the Medical Questionnaire that Claimant is in pain 90% of the day, that she has limited to no use of her right hand and limited use of her left hand, that she has severe pain in her right hand radiating up to the neck, and moderate pain in her neck, lower back, left knee, and left ankle. R. 2460-61. Precipitating and aggravating factors are movement, sitting, standing, and driving. R. 2461. Dr. Vlasii commented on Claimant's attempts at pain relief, which included all medication, including ketamine, injections, a spinal cord stimulator, and Claimant will have a morphine pump. R. 2461. Dr. Vlasii listed diagnoses of complex regional pain syndrome ("CRPS"), tendon disorder, multilevel degenerative disc disease, and bilateral knee pain, among others. R. 2462.

The ALJ stated the following regarding Dr. Vlasii's Medical Questionnaire:

> [Dr. Vlasii] now opines that the claimant can stand/walk six hours and sit six hours in an eight-hour work day on "good days" (Ex. 69F/2). Bad days involve the claimant's right hand. There is no objective evidence noted to explain how the hand on a bad day limits sitting, standing, or walking. Dr. Vla[sii] now checks that the claimant can lift 10 pounds frequently. The claimant's left hand is normal (Ex. 46F/6). On June 27, 2019, the claimant denied back pain, joint pain, joint swelling, and muscle weakness (Ex. 49F/24). She had minimal swelling and color change with her right hand, and demonstrated

> normal lower extremities, and the ability to extend the fingers on her right hand (Id[.] at 25). The undersigned gives this form little weight.

R. 25. The ALJ makes two misstatements. The ALJ states that there is no objective evidence explaining how Claimant's hand on bad days limits her ability to sit, stand or walk. R. 25. On the Medical Questionnaire, however, Dr. Vlasii wrote that the limitations to sitting, standing, and walking were supported by physical examination, MRI, back pain, dizziness, and left leg pain. R. 2459-60. There is no indication on the Medical Questionnaire that Dr. Vlasii attributed the sitting, standing, and walking limitations to Claimant's hand impairment. R. 2459-61. The Commissioner argues that the ALJ's misstatement was harmless because the ALJ ultimately applied the correct legal standards. Doc. No. 29 at 26.

But the ALJ made another misstatement in evaluating the opinions in the Medical Questionnaire. R. 25. The ALJ stated that Claimant denied back pain, joint pain, joint swelling, and muscle weakness on June 27, 2019, and cites to page 24 of Exhibit 49F. R. 25. But that page, which is from the medical record of Claimant's exam by Dr. Michael F. Esposito on June 27, 2019, states "MS Positive Back pain, Joint pain, Joint swelling, Muscle weakness, Neck pain." R. 1452.

In affording the opinions in Dr. Vlasii's Medical Questionnaire little weight, the ALJ made two misstatements to support his determination. R. 25. The other reasons given for affording the opinions little weight are that Claimant's left hand

is normal and that during that June 27, 2019 examination, Claimant could extend the fingers on her right hand, it had minimal swelling and color change, and Claimant demonstrated normal lower extremities. R. 25. The ALJ does not state how these observations negate the opinions regarding Claimant's ability to sit, stand, or walk. R. 25. And because the ALJ misstated the other evidence the ALJ relied on in affording the opinions little weight, the ALJ's decision is not supported by substantial evidence. The misstatements cannot be considered harmless because the Court cannot speculate as to how the ALJ would have weighed and considered Dr. Vlasii's opinions if the ALJ had accurately recounted the evidence. *See generally Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (court could not evaluate whether ALJ's error was harmless when ALJ did not consider required factors).

    **C.    Dr. Kwock's Opinions**

Claimant's final argument is that the ALJ applied incorrect legal standards to the opinion of the non-examining medical expert, Dr. Kwock. Doc. No. 29 at 26-29. Claimant argues that Dr. Kwock's opinion that Claimant does not meet the criteria for CRPS is entitled to little weight and taken alone does not constitute substantial evidence to support the ALJ's decision. *Id.* at 27. She asserts that CRPS is a medically determinable impairment under the social security regulations and that "there is ample medical evidence" supporting her CRPS being a medically

determinable impairment. *Id.* at 28-29. Thus, Claimant is arguing that the ALJ erred in finding that her CRPS did not constitute a severe impairment via the argument that the ALJ applied an incorrect legal standard to Dr. Kwock's opinion.

The Commissioner does not dispute Claimant's contentions regarding the weight that should be afforded Dr. Kwock's opinions. Doc. No. 29 at 29-30. Instead, the Commissioner contends that even if Claimant's CRPS was a medically determinable impairment, the ALJ considered all Claimant's impairments and the objective evidence regarding Claimant's right hand and arm symptoms and functioning in assessing the RFC. *Id.* at 29. The ALJ states that Claimant "failed to show, with objective evidence, how her continued right hand symptoms prevent her from being able to perform work with the manipulative limitations the ALJ assessed, especially since her left hand and the first three fingers of her right hand function normally." *Id.* at 30.

To constitute a severe impairment at step two, an impairment must significantly limit an individual's ability to perform basic work skills. 20 C.F.R. § 416.920(c). The Eleventh Circuit has found that an "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The Eleventh Circuit has "described step

two as a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 950 (11th Cir. 2014) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ). "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment." *Id.* at 951 (quoting *Jamison*, 814 F.2d at 588). "[T]he only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability." *Id.* Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process, and there is no need for the ALJ to identify every severe impairment at step two. *Id.*; *see also Farrington v. Astrue*, No. 3:09-cv-94-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (finding a single impairment at step two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

At step two, the ALJ concluded that Claimant suffered from the severe impairments of degenerative disc disease of the cervical spine status post fusion surgery, mild osteoarthritis of the bilateral knees, and status post carpal tunnel release and trigger finger release surgeries, and then the ALJ proceeded to the next

step in the sequential evaluation process. R. 18-27. Therefore, if the ALJ erred in not finding Claimant's CRPS a severe impairment, then the error was harmless.

### III. CONCLUSION.

Although Claimant did not demonstrate reversible error in the ALJ's decision regarding whether her CRPS was a severe impairment, she did show that the ALJ's determinations affording Dr. Moyles's and Dr. Vlasii's opinions little weight were not supported by substantial evidence and did not conform to the correct legal standards. Therefore, it is recommended that the decision be reversed.

Accordingly, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th

Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida, on September 16, 2021.

                                                      GREGORY J. KELLY
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Drive
Orlando, Florida 32803

Karin Hoppmann
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Nadine Elder, Branch Chief
Avni Gandhi, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Thomas Merrill
Administrative Law Judge
Office of Hearings Operations
Suite 303
1750 Elm Street
Manchester, NH 03104-2908